

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable V. J. Campbell
County Attorney
Garza County
Post, Texas

Dear Sir:

Opinion No. O-5315
Re: Authority of commissioners'
court to pay premiums for
workmen's compensation insur-
ance on county employees.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Do the County Commissioners of a county have the right and are they empowered to take out compensation insurance on drivers of County maintainers or County graders.

"The question came up in Commissioners Court a few days ago, and one of the commissioners had a man working for him on a maintainer and this man came very nearly being seriously wounded while operating the machine.

". . . .

"Texas Jurisprudence, Vol. 45, p. 455, Sec. 69-- Workmen's Compensation--States, Counties and Cities, reads as follows:

"The compensation law was obviously intended to apply to industrial employment. It does not apply to states, counties or cities in their per- formance of governmental functions . . . By a

Honorable V. J. Campbell, Page 2

constitutional amendment adopted November 3, 1936, (Art. 3, Sec. 59) the Legislature is given power to pass 'such laws as may be necessary to provide for Workmen's Compensation Insurance for such state employees, as in its judgment is necessary or required; and to provide for the payment of all costs, charges, and premiums on such policies of insurance; providing the state shall never be required to purchase insurance for any employee'."

Article 3, Section 59, Constitution of Texas, reads as follows:

"The Legislature shall have power to pass such laws as may be necessary to provide for Workmen's Compensation Insurance for such state employees, as in its judgment is necessary or required; and to provide for the payment of all costs, charges and premiums on such policies of insurance; providing that the state shall never be required to purchase insurance for any employee."

Pursuant to the constitutional authority of Article 3, Section 59, Texas Constitution, the Legislature on June 11, 1937, enacted Article 6674s, which provides for Workmen's Compensation Insurance for employees of the Texas State Highway Department. Under this act the Highway Department is self-insuring and carries its own insurance as set out in the statute. The 48th Legislature of Texas by Senate Bill 135 extended the benefits of Workmen's Compensation Insurance to the Texas Defense Guard. The Legislature has not extended the benefits of Workmen's Compensation insurance to any other bodies or departments of the state government than the Texas State Highway Department and the Texas Defense Guard.

It has long been the law in Texas that a county is not liable in damages for injuries sustained in consequence of the tortious or negligent acts of its agents or employees, unless liability therefor be created by statute. See the following authorities:

Heigel v. Wichita County, 19 S. W. 562;
Floria v. Galveston County, 55 S. W. 540;
Nussbaum v. Bell County, 76 S. W. 430;
Bryan v. Liberty County, 299 S. W. 303;
Jones County v. Moore, 4 S. W. (2) 289;
Angelina County v. Bond, 16 S. W. (2) 338.

Honorable V. J. Campbell, Page 3

We quote from 11 Texas Jurisprudence, Counties, pages 563-4-5, as follows:

". . . Counties, being component parts of the state, have no powers or duties except those which are clearly set forth and defined in the constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties. . . .

". . . Commissioners' courts are courts of limited jurisdiction in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law,—that is, by the constitution and statutes of the state. . . ."

There is no law authorizing counties to expend county funds to pay premiums on workmen's compensation insurance on county employees. Our state constitution also inhibits donations and gratuities by counties from public funds. Article 3, Section 52, Texas Constitution, reads in part as follows:

"The Legislature shall have no power to authorize any county. . . to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . ."

We answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 22, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:mp



APPROVED
OPINION
COMMITTEE
BY